IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONNIE FAMOUS,

                Plaintiff,

v.

DOE GALVIN, DOE TRAVIS, DOE KRAUSE, DOE CHAMPION, DOE STANGE, DOE LOWRY, DOE GAMBORW, and JOHN DOE OFFICERS 1–5,

                Defendants.

OPINION and ORDER

23-cv-785-jdp

---

Ronnie Famous, without counsel, alleged that defendants failed to protect him from prisoner assaults, gave him contaminated food, and provided inadequate mental health care. I allowed Famous to proceed on Eighth Amendment medical care and food-contamination claims. Dkt. 10. Famous moves for reconsideration, contending that I failed to address claims that his segregation violated due process and was unlawful because he's mentally ill. Dkt. 11. I will grant this motion to consider these potential claims, but I will not allow Famous to proceed on them.

I begin with the due process claim. Lengthy periods of segregation, standing alone, can be enough to trigger a prisoner's procedural due process rights. *See Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (court erred by dismissing prisoner's complaint alleging that 240-day stay in segregation implicated his procedural due process rights). Famous alleges that, starting on April 20, 2022, defendants have been housing him in segregation for refusing to share his cell with other prisoners. Dkt. 1 ¶ 10. Famous filed his complaint nearly seventh months later. Continuously housing Famous in segregation for nearly seven months could violate Famous's right to procedural due process. But it's clear from Famous's allegations

that defendants haven't continuously segregated him. Famous acknowledges that he's been in and out of cells in the general population. *See id.* ¶¶ 11–13. Because it's unclear from the complaint how long defendants have housed Famous in segregation, I cannot plausibly infer that the length of his segregation, by itself, violates his rights.

Prisoners also have a right to be free from unusually harsh conditions in segregation. *See Marion*, 559 F.3d at 698. Famous alleges that defendants have fed him contaminated food and deprived him of mental health treatment, which has caused him to hear voices telling him to act out against correctional staff. As I determined in my screening order, these allegations support plausible Eighth Amendment claims that he is already proceeding on. But, without more allegations "comparing the conditions of [Famous's] segregation to the conditions outside of [] segregation," I cannot plausibly infer that these conditions "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005); *Carr v. Fuchs*, No. 22-cv-603-jdp, 2023 WL 2351823, at *2 (W.D. Wis. Mar. 3, 2023). I will not allow Famous to proceed on a procedural due process claim based on these conditions.

Famous also seeks to proceed on a claim that it's unlawful to segregate him because he's mentally ill. Because Famous's Eighth Amendment and due process claims embrace this allegation, I will not allow him to proceed on it as a standalone claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Ronnie Famous's motion for reconsideration, Dkt. 11, is GRANTED in part and DENIED in part.

2. The clerk of court is directed to send plaintiff a copy of this order.

Entered February 20, 2024.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge