IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONNIE FAMOUS,

                Plaintiff,

v.

TYRONE GALVIN, KIARA TRAVIS, SGT. KRAUSE,     OPINION and ORDER
CONNIE CHAMPION, KELSEY STANGE, KRISTINA
LOWRY, DR. MARIA GAMBARO, BRIAN                23-cv-785-jdp
REYNOLDS, MATTHEW LARSON, STEVEN
PATTERSON, MICHAEL BRAND, JOSEPH KRAUS,
and BRENT KRAUSE,

                Defendants.

---

    Plaintiff Ronnie Famous, proceeding without counsel, alleged, among other things, that defendants deprived him of mental health care. Dkt. 1. I screened the complaint and allowed Famous to proceed on an Eighth Amendment medical care claim against defendants Connie Champion, Kelsey Stange, Kristina Lowry, and Maria Gambaro. Dkt. 10. Famous bases his medical care claim on allegations that: (1) he's being segregated and fed contaminated food, which has caused him mental health problems, including hearing voices telling him to act out against the staff who are giving him that food; (2) defendants have ignored his requests for treatment for those problems. Dkt. 1 ¶¶ 24–26; Dkt. 10 at 2, 5–6.

    Defendants move for partial summary judgment on Famous's medical care claim. Dkt. 36. Defendants contend that Famous didn't exhaust administrative remedies under the Prison Litigation Reform Act (PLRA) on this claim because his relevant inmate complaint didn't relate to his medical care claim. *See* Dkt. 37 at 2, 7–8. Famous contends that the inmate complaint exhausted his medical care claim. Dkt. 44 at 7–11.

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). A prisoner satisfies the exhaustion requirement if his inmate complaint gives the prison "notice of, and an opportunity to correct, a problem." *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020). An inmate complaint meets this requirement "if it provides notice to the prison of the nature of the wrong for which redress is sought." *See id.* at 995.

Famous's inmate complaint met this requirement. Famous said that his inmate complaint was about "inadequate mental health treatment." Dkt. 38-2 at 11. Famous wrote that he talked to defendant Lowry about the "effects of repeatedly being housed" in segregation, and about how she never sent him reading material that she promised (I infer that these were materials about treating his mental health problems.) *Id.* Here, similarly, Famous proceeds on a claim that defendants provided inadequate mental health care, which he bases in part on the effects of being frequently segregated. Famous supported his inmate complaint with a psychological services request stating that he wasn't receiving mental health treatment for the psychological effects of being repeatedly segregated, including hearing voices. *Id.* at 12. Famous didn't specifically mention that he was being fed contaminated food and its effect on his mental health, but the inmate complaint doesn't have to be identical to his federal court complaint. It only had to notify prison officials of the nature of the wrong for which he sought relief, which Famous's inmate complaint and supporting materials did.

Defendants contend that Famous bases his medical care claim on the allegation that they deprived him of mental health care for his concerns about food contamination. Dkt. 37 at 7. Defendants argue that the inmate complaint stated "only that Famous had not

2

received reading material." *Id.* But defendants' description of Famous's inmate complaint is not accurate.

Defendants contend that the reviewing authority's decision shows that the inmate complaint didn't notify the prison of Famous's claim because the decision dealt with the denial of reading materials and didn't "address a concern about [an] ongoing denial of mental health treatment." Dkt. 48 at 3. The prison's failure to address all the issues that a prisoner raises in an inmate complaint doesn't mean that the prisoner did not give the prison notice of the nature of the wrong for which the prisoner sought relief. And the decisions of the institution complaint examiner and reviewing authority were actually broader than defendants say. *See* Dkt. 38-2 at 2, 4.

Defendants suggest that the inmate complaint didn't exhaust Famous's claim because it didn't mention the other defendants against whom he proceeds. *See* Dkt. 48 at 3. But the PLRA doesn't contain a "name all defendants" requirement. *Jones v. Bock*, 549 U.S. 199, 217 (2007); *see also Jackson v. Esser*, 105 F.4th 948, 959–60 (7th Cir. 2024).

In sum, no reasonable factfinder could conclude that Famous's inmate complaint failed to give notice of his problem and a chance to correct it. I will deny defendants' motion.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment on exhaustion grounds, Dkt. 36, is DENIED.

2. Plaintiff is to be sent a copy of this order.

Entered November 27, 2024.

                                              BY THE COURT:

                                              /s/

                                              _____

                                              JAMES D. PETERSON
                                              District Judge